Dwight E. WALTERS, Jr. dba Computer Maintenance Service, and C.M.E.S. CORP., as successor to Dwight E. Walters, Jr., dba Computer Maintenance Service,

v.

INTERNATIONAL BUSINESS MACHINES, INC. aka IBM, William H. Childers, and Robert Bernsen.

Civ. A. No. C–93–94.

United States District Court, S.D. Texas, Corpus Christi Division.

April 16, 1993.

Patrick L. Beam, Burkett & Beam, Ronald B. Brin, David H. Crago, Brin & Brin, Corpus Christi, TX, for plaintiffs.

Ernest R. Higginbotham, Strasburger & Price, Dallas, TX, Miller W. Meredith, Jr., Meredith, Donnell & Abernethy, Corpus Christi, TX, for defendants.

*ORDER DISMISSING SHERMAN ACT CLAIMS, DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES, AND REMANDING CASE TO STATE DISTRICT COURT*

HEAD, District Judge.

Plaintiffs are in the computer maintenance business, providing parts, repair services and computer training to individuals and businesses in South Texas. In 1989, plaintiffs filed suit against IBM and two individual defendants in the 319th Judicial District Court of Nueces County, Texas, alleging various state causes of action including negligence, fraud, tortious interference with business relationships and violations of the Texas Free Enterprise and Anti–Trust Act of 1983. In March 1993, plaintiffs filed a succession of amended petitions, and alleged in each for the first time, violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and in the last petition, added claims for treble damages under this federal statute. Defendants immediately removed the case to this Court on federal question jurisdiction. 28 U.S.C. § 1441(b).

Plaintiffs have a May 1993 trial setting in state district court. To avoid losing that trial date, plaintiffs filed an emergency motion for leave to amend their complaint to dismiss all federal claims and for remand of the case to state district court. Defendants readily agree to the dismissal of plaintiffs' federal claims. Accordingly, plaintiffs' Sherman Act claims are dismissed without prejudice, and, providing that plaintiffs do not raise these federal claims in the state court proceeding, shall mature into a dismissal with prejudice upon the termination of plaintiffs' case. Rule 41(a)(1), Fed.R.Civ.P.

■ Despite the dismissal of plaintiffs' federal claims, defendants oppose the remand to state court. It is defendants' posi-

tion that once the case was properly removed to this Court on federal question jurisdiction, this Court acquired diversity jurisdiction over defendant IBM's counterclaims against plaintiffs. Defendants argue that this Court lacks the authority to remand or dismiss its counterclaims. Defendants rely on three Fifth Circuit decisions to support their position that this Court must retain jurisdiction: *Gustin v. United States,* 876 F.2d 485 (5th Cir.1989); *Haberman v. Equitable Life Ass. Society,* 224 F.2d 401 (5th Cir.1955); and *Buchner v. FDIC,* 981 F.2d 816 (5th Cir. 1993).

The Court finds these cases distinguishable. Both *Gustin* and *Buchner* involve federal question counterclaims; therefore they are not analogous to support defendants' argument that the Court must retain jurisdiction of defendants' counterclaims based on diversity. *Haberman* does present a fact situation in which the court retained jurisdiction over a counterclaim based on the presence of diversity jurisdiction; but in that case, diversity jurisdiction clearly existed between the single plaintiff and single defendant. In the case before this Court, there is not complete diversity between all plaintiffs and all defendants—the two individual defendants are both residents of Texas as is the individual plaintiff. Defendant IBM argues that in evaluating IBM's counterclaim, the Court need only look at the citizenship of the parties to the counterclaim, IBM and plaintiffs, and ignore the citizenship of the individual defendants who are not parties to the counterclaim. The Court rejects IBM's argument.

To adopt defendants' position would ignore the basic rule of diversity jurisdiction requiring all parties to be diverse, 28 U.S.C. § 1332, and would create a unique exception to this fundamental rule without any reason. This Court finds that the better course is to maintain continuity with the general rule of diversity and require complete diversity between all parties to a lawsuit, regardless of independent claims among less than all of the parties.

■ Defendants also seek attorneys' fees for the expense incurred in removing this case to federal court, and in responding to plaintiffs' motion to amend complaint and for remand. Defendants provide no statute or case authority to support the award of attorneys' fees to a party that properly removes a case to federal court on federal question jurisdiction, nor does the Court believe such authority exists. Defendants properly removed the case and by virtue of their removal, obtained a dismissal of plaintiffs' federal claims. Having disposed of those claims, defendants' removal served a successful purpose. The Court finds that defendants are not entitled to recover attorneys' fees for their litigation strategy. Defendants' request for attorneys' fees is DENIED.

Having dismissed plaintiffs' federal claims, the Court is without federal question jurisdiction to retain this action. Further, the Court finds that diversity is not complete between all parties and there is no diversity jurisdiction. Accordingly, this case is hereby remanded to the 319th Judicial District Court, Nueces County, Texas. 28 U.S.C. § 1447(c).